FLORA WALDRON *et al.*, Respondents, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Municipal Corporations:** CHANGE OF GRADE: MATERIALITY OF. Consequential damages are allowed only when caused by material change of the grade, but an instruction in this case not expressly requiring a material change is *held* not error, or at least harmless, since the evidence showed a ten foot cut in front of plaintiff's property.

2. **Appellate Practice:** INSTRUCTIONS. Instructions should not submit the theory the facts do not justify and an appellate court will not notice questions raised for the first time in such court.

3. **Municipal Corporations:** CHANGE OF GRADE: INSTRUCTIONS: ISSUES. In an action for damages and change of grade of street the instructions should not submit issues not in the case as to damages in connection with a road passing through neighboring, private property.

4. ———: ———: VERDICT: EVIDENCE. The evidence warrants the verdict in this case.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*H. C. McDougal* and *L. A. Laughlin* for appellant.

(1) There is no evidence warranting a verdict for the plaintiffs. The measure of damages which plaintiffs were entitled to recover was the difference in the market value of her lots immediately before the grading of the street and immediately after the grading.

*Dale v. St. Joseph*, 59 Mo. App. 566; *Davis v. R. R.*, 119 Mo. 180; *Clinkenbeard v. St. Joseph*, 122 Mo. 641. (2) The court erred in refusing defendant's instruction number 1. (3) The court erred in giving plaintiffs' instruction number 2. Property owners are held to give implied assent to such improvements as would put the street in a condition for safe and reasonably convenient use upon or near the natural surface of the street. *City Council v. Townsend*, 80 Ala. 489, 495; *Denver v. Bayer*, 7 Colo. 113, 116. The change of grade must be material. *Davis v. R. R.*, 119 Mo. 180, 187; *Hickman v. Kansas City*, 120 Mo. 110, 121; *Smith v. St. Joseph*, 122 Mo. 643, 647. The abutting property owner has as against a city no right to the lateral support of the soil of the street, and can acquire none from prescription or lapse of time. Dillon on Mun. Corp., sec. 991; *Quincy v. Jones*, 76 Ill. 231; *Mitchell v. Rome*, 49 Ga. 19; *Transp. Co. v. Chicago*, 99 U. S. 35; *Mining Co. v. Mining Co.*, 50 Mo. App. 525; *Charles v. Rankin*, 22 Mo. 566; *Eads v. Gains*, 58 Mo. App. 582; *Lasson v. R'y Co.*, 110 Mo. 242.

*N. F. Heitman* for respondents.

(1) On cost of restoration as measure of damages, *Smith v. Kansas City*, 128 Mo. 23; *Hickman v. Kansas City*, 120 Mo. 110. These cases completely answer appellant's points 1 and 3. In fact, all of respondents' instructions were copied word for word from the instructions given for plaintiff in the *Hickman* case. (2) The court did not err in refusing to give instruction number 1 for defendant for the reason that there was no issue framed by the pleadings in this case relating to the old road. *Bank v. Murdock*, 62 Mo. 70. (3) Defendant's point 3 is answered by the fact that the cut was from ten to fifteen feet deep, which is cer-

tainly a "material" change of grade, and by the cases of *Smith v. Kansas City*, 128 Mo. 23; *Hickman v. Kansas City*, 120 Mo. 110. (4) Appellant's point 4 is too utterly frivolous to require an answer. *R'y v. McGrew*, 104 Mo. *loc. cit.* 298.

SMITH, J. P.—This is an action by plaintiffs against the defendant to recover damages to certain real property, resulting from the grading of a street. There was a trial and judgment for plaintiffs, from which defendant has appealed.

The defendant complains of the action of the court in giving the plaintiffs' second instruction, which, in effect, declared that the plaintiffs had a right to the use and enjoyment of their property as it stood with reference to the natural surface of the street before the grading, and if the defendant caused, by ordinance, the street to be cut for the purpose of public use and travel, in front of plaintiffs' property, so as to damage the same by diminishing its market value, then plaintiffs were entitled to recover; that it is erroneous in that it does not require the jury to find, before the plaintiffs were entitled to recover, that the cut had the effect *materially* to change the natural grade of the street in front of the plaintiffs' property.

MUNICIPAL corporations: change of grade: materiality of.

It is perhaps a sufficient answer to this complaint to say that in *Hickman v. Kansas City*, 120 Mo. 110, where the facts were quite analogous to these here, an instruction similar in language was approved. It is true that the rule is that consequential damages to property is allowed only where caused by a *material* change of the grade from the natural surface of the street. *Davis v. R'y*, 119 Mo. 180; *Hickman v. Kansas City*, 120 Mo. 110. If there had been no evidence that the defendant had by its ordinance caused a material or sub-

stantial change of the natural surface of the street in front of plaintiffs' property, said instruction would have been improper. The court, no doubt, in such case, would have directed a verdict for defendant, but where, as here, it is conceded that the defendant, in grading the street, made a cut of ten feet in front of the plaintiffs' property, it is difficult to understand how the defendant could be injured by the failure of the instruction to require the jury to find that such cut had the effect to materially, or substantially, change the natural surface of said street. We do not, therefore, think, in view of the ruling of the supreme court already referred to, in *Hickman v. Kansas City*, that the giving of said instruction was error, or if so, that it was harmful, and therefore reversible error.

This is not a case, as defendant seems to suppose, where the facts disclosed by the evidence tend to prove that the improvement was such as put the street in front of plaintiffs' property in a condition for safe and convenient use upon or near the natural surface, considering the peculiarities of the locality. Therefore the court would not have been authorized to submit the case to the jury on any such theory, had it been so requested; as it was not. And as the question of the plaintiffs' right as an abutting property owner to lateral support of the soil of the street was not raised in the trial court, by objection to the court's action in either admitting or rejecting evidence, or in giving or refusing instructions, it will not be noticed here for the first time.

*Appellate practice: instructions.*

II. The defendant further contends that the court should, for the sake of clearness, have given its first instruction which declared that if there was a road which passed in front of plaintiffs' property, and that such road passed through private property on the other side of

*Municipal corporations: change of grade: instructions: issues.*

the street, then the jury should exclude from their consideration all damages sustained by plaintiffs' property being altered with reference to that part of said road which was private property. There was no such issue in the case. The only issue made by the pleadings was whether the plaintiffs' property had been damaged by reason of reducing the natural surface of the street in front of such property to the grade fixed by the ordinance. The instruction was therefore calculated to divert the attention of the triers of the fact from the true issue and was for that reason properly refused.

III. A perusal of the evidence has satisfied us that the defendant's objection that there is no evidence to warrant the verdict is not well taken. The only wonder in our mind is how the jury, in the face of the evidence, found a verdict for so moderate an amount. The defendant, we think, has no just ground whatever for complaint. The judgment will accordingly be affirmed. All concur.