HAMILTON  COUNTY  *v.*  RAPE.

(*Knoxville.*      September  27,  1898.)

1. PUBLIC ROADS.  *Rights of the public and of the abutting owner defined.*

   The owner of a lot abutting on a public road or street is pre-
   sumed, in the absence of something to indicate the contrary,
   to be owner of the fee to the center of the street or road, and
   the public easement in the land covered by the right of way is
   limited to street and road purposes only.  (*Post, pp. 224, 225.*)

2. SAME.  *Abutting owner entitled to compensation, when.*

   The owner of a lot abutting upon a street or road, whose title
   to the fee extends to the center of the street, has a right of in-
   gress and egress to and from his property, the destruction or
   impairment of which by the county, by changing the grade of
   the street or road, is a taking of property for public purposes,
   entitling him to compensation.  (*Post, pp. 225–227.*)

   Cases cited and approved: Anderson *v.* Turbeville, 6 Cold., 158;
   Railroad *v.* Bingham, 87 Tenn., 526; Gray *v.* Knoxville, 85
   Tenn., 101; 18 L. R. A., 166.

   Cited and distinguished: Humes *v.* Knoxville, 1 Hum., 403; Rail-
   road *v.* Adams, 3 Head, 596.

3. DEED.  *Calling for street.*

   The statement in a deed conveying lots by numbers, that they
   adjoin and front on the west side of an avenue, does not imply
   that the grantee's line stops at the margin of the street, and
   does not extend to the center.  (*Post, p. 227.*)

---

FROM   HAMILTON.

---

Appeal in error from Circuit Court of Hamilton
County.  FLOYD ESTILL, J.

Hamilton County *v.* Rape.

C. R. EVANS and COOKE, SWANEY & COOKE for Hamilton County.

T. C. LATIMORE for Rape.

WILKES, J. This is an action against the county of Hamilton by one of its citizens. There was a trial before the Court and jury in the Court below, and a judgment against the county for $650, and the county has appealed and assigned errors.

Plaintiff, Rape, owns five lots in Hamilton County, in one of the unincorporated suburbs of Chattanooga. This property, with other lands, originally belonged to C. E. James. It was divided up by him into lots and streets, and a plat was registered of the property as thus divided and appropriated. The streets were partially graded, and the one in front of the property in controversy was cut down some two to three feet below the level of the abutting lots. In this condition the road was used by the public from about 1891 to 1895, when the county of Hamilton took control of the roadway as a public or county road, and cut down the grade of the road in front of the property from three to seven feet. The theory of this action is that in so doing the county impaired the means of access, or ingress. and egress, to the lots on the front. These lots were improved with residences, the yards running down to the roadway, but a strip of some three feet was left on the margin as a pavement in front of the lots, outside the inclosures. Pedestrians could

reach and enter the front of these lots from the ends of this sidewalk, but neither footmen nor animals could reach the lots on their front without going up an embankment some five to seven feet high. There is a way by which the lots can be reached on their rear, both by footmen and vehicles.

The Court charged the jury that if the plaintiff owned these lots, and a street, avenue, or road had been dedicated to public use by the former owners about 1891, and the defendant county, in 1895, so changed the grade of this road that it destroyed or impaired the egress and ingress from the roadway to and from plaintiff's property, the plaintiff would be entitled to recover whatever damages the proof shows he has sustained in the matter. This charge fairly presents the only real question in controversy in the case.

It is insisted on behalf of the county that the action is virtually for a supposed tort, and that such action will not lie against a county for the management, etc., of its highways. Elliott on Roads and Streets, p. 323. On the other hand, it is insisted that this action is not for a tort, but is for the taking of property of an individual for public use without compensation.

It is argued for the county that when a street is laid out by an owner, and lots platted with reference thereto, and such plat of street and lots is registered, it is a dedication of the street to the public, and vests the fee simple title to the street

in the public, and abutting owners have no further interest in it than other citizens, and numerous authorities from other States are cited to sustain this proposition. See 9 Am. & Eng. Enc. L., 374, and note.

Whatever may be the law of other States, or where there is a statutory dedication, we do not think such is the law generally, nor of this State, and, unless there is something to indicate to the contrary, the abutting lot owners own the fee to the center of the street, and the public has an easement for road or street purposes only so long as it is used for such purposes. The argument, therefore, that when the county changed the grade of the road it was only dealing with its own property, in which the abutting owner had only the right of other citizens, is not sound. The abbutting lot owner is presumed to own to the center of the street. Elliott on Roads and Streets, p. 519. He has a right of ingress and egress to his property—or, as it is called, an easement of access—and if this is taken away, or if it is impaired or incumbered without his consent, it is a taking of his property for public purposes, for which he is entitled to compensation. Elliott on Roads and Streets, pp. 526, 161; *Anderson* v. *Turbeville*, 6 Cold., 158; *Railroad* v. *Bingham*, 3 Pick., 526.

This right of ingress and egress may be valuable or not, and may be of more or less value, according to the location of the property. Thus, in the

country districts, when a grade is changed through a man's farm, the right of ingress and egress may, at any particular point, be of little or no value, and for it the abutting owner would be entitled to little or no damages; but, in case of suburban property, a way of ingress and egress to the front of every lot is a matter of importance, and the destruction or impairment of such way is a proper matter for compensation to the extent of the value of the right thus taken away. It is not a question of tort under the pleadings, but of taking a valuable property right without compensation, and the charge is not erroneous. *Gray and Wife* v. *Knoxville*, 1 Pickle, 101; *Railroad* v. *Bingham*, 3 Pickle, 526.

The case of *Humes* v. *Knoxville*, 1 Hum., 403, may seem to be in apparent conflict with this holding, but in that case the action was for a tort, and the questions of taking property and the consequent right to compensation were not considered. So, likewise, in the case of the *Tenn. & Ala. R. R. Co.* v. *E. W. Adams*, 3 Head, 596–600, the action was for a tort, and the distinction between the actions for tort for injuries to real estate and for compensation for its taking, was considered and plainly drawn.

This action is for compensation, and does not proceed upon the idea of a tort, as was done in the two cases above cited. This view accords with our recent statutes relating to the establishing of streets,

and changing and altering grades of the same, by municipal corporations (Shannon, §§ 1985–1988), and is in harmony with the modern trend of judicial opinion as to what constitutes a taking, and what property may be made the subject of a taking. *M. & C. R. R.* v. *B. S. A. T. R. R.*, 18 L. R. A., 166.

It is said, however, that the deed to the plaintiff only gave him a right to the margin of the road. The deed conveys the lots by numbers, and says they adjoin and front each fifty feet on west side of Central Avenue, and extend westwardly to Grand Avenue. The descriptive term, west side of Central Auenue, does not mean that the line is the margin of Central Avenue, but simply that the lots lie on the western side or direction from Central Avenue. It does not expressly provide, nor does it at all imply, that the plaintiff's line stops at the margin of the street.

It is said the damages are excessive, and that, in any event, they should not exceed $369. This was a matter for the jury. It appears that ingress and egress was cut off almost entirely on the front of the lots; that the cutting down of the grade caused the banks to cave in and the fence to fall, so that it had to be moved back and reset; it uncovered the water pipes, and caused a pond of water to settle on the lots. The estimate as to the market value of the lots before and after the change ranged from $1,000 to $2,000. The remedies sug-

Hamilton County *v.* Rape.

gested by the county as to terracing and erection of steps and building a retaining wall, which might have been done at a cost of from $300 to $369, would not put the party in the same condition, as to his property, as before the grade was cut.

We see no error in the record, and the judgment of the Court below is affirmed with costs.