G. W. ALTON, Respondent, v. CITY OF COLUMBIA, Appellant.

**Kansas City Court of Appeals, June 28, 1910.**

1. **MUNICIPAL CORPORATIONS: Change from Natural to Artificial Grade.** The dedicator of a street and his assigns impliedly assent to a change of the natural grade so as to make the street reasonably safe for use near the natural surface, and can only recover consequential damages when there has been a material change from the natural grade.

2. ———: ———: **Question for Jury.** Where the evidence showed the change of natural grade for laying a sidewalk was one foot, it was held that the question whether that was a material change was for the jury and not the court.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond, Judge.*

AFFIRMED.

*H. A. Collier, E. W. Hinton* and *W. H. Rothwell* for appellant.

*McBaine & Clark* for respondent.

The verdict is amply supported by the evidence and the trial court committed no error overruling the demurrer offered by the city at the close of all the evidence in the case. Kroffee v. Springfield, 86 Mo. App. 530; Hickman v. Kansas City, 120 Mo. 110; Carson v. Springfield, 53 Mo. App. 289; Schrodt v. St. Joseph, 109 Mo. App. 627; Smith v. Kansas City, 128 Mo. 23.

ELLISON, J.—This is an action to recover damages alleged to have resulted to plaintiff by reason of the change of the grade of a street from its natural grade. The judgment in the trial court was for the plaintiff.

It appears that Columbia is a city of the third class and that plaintiff owns a lot fifty-five feet in width abutting on one of its streets. That this street had been maintained at its natural grade up to the 4th of May, 1909, when an ordinance was ordained establishing a grade. On the 15th of June, 1909, an ordinance was ordained for the construction of a sidewalk on said street in front of plaintiff's property on the grade established by the first mentioned ordinance. Singular to say, there is much conflict of evidence as to the depth of the cut in front of plaintiff's property and as to how high above the sidewalk the property was left. These were matters that it seems might have been easily ascertained to a mathematical certainty and not left in dispute. But notwithstanding conflict in the evidence, there was an agreed statement entered into which determines enough of matters of fact for a settlement of the case in this court. By that statement the parties agree that the plaintiff build his house and outbuildings prior to the date of the ordinance and that such ordinance established the grade by lowering the natural grade in front of plaintiff's property two-tenths of a foot in the center of the street and one foot at the center

of the sidewalk next to plaintiff's property, and we shall assume that as the fact.

On that basis of fact, what is the law of the case? It was ruled in Davis v. Ry. C., 119 Mo. 180, as well as in Waldron v. Kansas City, 69 Mo. App. 50, that the dedicator and his assigns gives his implied assent to such improvements as will put the street in condition for safe and reasonably convenient use upon or near the natural surface, and hence he is not entitled to consequential damages for an established grade which does not make any "material change of grade from the natural surface." It is agreed that there was a cutting down of one foot in the center of the sidewalk, and we are asked to say as a matter of law that that was not a material change as contemplated in Davis v. Ry. Co. This we cannot do. We think it not so clear and undoubted as to justify such declaration, and that it was very properly left to the jury by the trial court in instructions which are conceded to be correct. It follows that defendant's request for peremptory instruction was properly refused.

After a careful consideration of the argument by counsel in behalf of the city, and after putting aside some of the more extreme statements in plaintiff's behalf, of the depth of the cut along plaintiff's property line, and standing on the concession made by the agreed statement of facts, we think the trial court did not err in the course adopted at the trial and in approving of the verdict for forty dollars. The judgment is affirmed. All concur.