KNOX COUNTY v. LEMARR et ux., NO. 1—97 S. W. (2d) 659.

Eastern Section. August 1, 1936.

Petition for Certiorari denied by Supreme Court, October 10, 1936.

Johnson & Johnson, of Knoxville, for plaintiff in error.
Donaldson & Montgomery, of Knoxville, for defendants in error.

McAMIS, J.   Defendants in error, W. F. Lemarr and wife, instituted this action against Knox county for damages to their property alleged to have been caused by a change in the grade of Shannondale road.  From a verdict and judgment in the amount of .$250, the county has appealed in error to this court.  For convenience we will refer to the parties as plaintiffs and defendant.

Plaintiffs purchased the property in question in 1920, the deed calling for the center of the road.  At that time Shannondale road, upon which the property abuts for a distance of 11½ poles, was

used and maintained as a county thoroughfare. In April, 1933, the defendant erected a fill along Shannondale road approximately 2½ feet high at its highest point. Prior to the construction of said fill the front of plaintiff's property was approximately on the level of the road and gradually receded upon a gradual decline to the residence, garage, and barn. It appears that said fill as constructed by defendant extends for a distance of approximately 100 feet. As stated, the fill at its highest point is approximately 2½ feet high. It gradually decreases in height from said point down to nothing at the other end. The fill is located immediately in front of the residence and, from photographs appearing in the record, appears to be coextensive with that part of plaintiffs' property devoted to use as a lawn, leaving several feet (the exact distance being undetermined) of plaintiffs' property abutting at natural grade upon said road.

Plaintiffs' property, consisting of two acres, may be described as improved suburban residential property which plaintiffs occupied as a home for many years prior to the making of said fill.

It is conceded that no land was actually taken in the construction of said fill and the right to compensation, if it exists, is for damage to or impairment of the easement of access or right of ingress and egress. It is insisted by defendant that there is no liability upon a county for a change of grade and that a county is not liable in such case unless it actually takes and devotes to public use some part of the land itself.

This question has been decided adversely to the contention now made by the county in several reported cases in this state, and it is now the settled law of this state that a county is liable to an abutting landowner where, in the construction of a street or road, the owner's right of ingress and egress is cut off or impaired. Hamilton County v. Rape, 101 Tenn., 222, 47 S. W., 416; Morgan County v. Goans, 138 Tenn., 381, 198 S. W., 69, 5 A. L. R., 198; Shelby County v. Dodson, 13 Tenn. App., 392.

We think there is no occasion to discuss these holdings at length. It is sufficient to say that in Hamilton County v. Rape, and Shelby County v. Dodson, supra, the same contention was made and overruled; and in Morgan County v. Goans, supra, the county was held liable upon analogous facts. We are not only bound by these holdings but we think they are just in principle. They rest upon the theory that the easement of access of an abutting property owner is a property right which under the Constitution cannot be taken or the value thereof impaired without compensation. See, in addition to cases cited supra, Coyne v. Memphis, 118 Tenn., 651, at page 652, 102 S. W., 355, and cases therein cited. Also Knoxville v. Hunt, 156 Tenn., 7, 12, 299 S. W., 789.

It is further insisted by the county that if there was any impair-

ment or restriction of the easement of access at all it was inconsequential and that plaintiffs were left with a means of ingress and egress reasonably sufficient, and hence cannot recover.

Plaintiff W. F. Lemarr testified that before the fill was made it was possible to drive an automobile off the highway and into his yard and park in front of his premises, leaving room for cars to pass, and that pedestrians could walk into or out of the premises without any impediment or inconvenience. He further testified that after the construction of said fill cars could enter the premises only at the side entrance or driveway leading to the garage, and that pedestrians were forced to either enter the premises at the end of the fill or climb over a retaining wall made of large loose stones.

Other witnesses testified that in their opinion access to the property both by vehicles and pedestrians was materially impaired. Some of these witnesses who qualified as experts thought the property was damaged to the extent of from $1,500 to $2,500.

We do not think the fact that plaintiffs may have been left a means of ingress and egress other than the one destroyed or impaired is a controlling factor in the determination of their right to recover, but that it would be a circumstance materially affecting the amount of the damage to which they would be entitled. In Shelby County v. Dodson, supra, it was said:

"We are therefore of the opinion that the county would be liable in the present case for some amount by way of compensating damages to plaintiff for the impairment of the right of ingress and egress, whether there was left another way by which the property could be reached from another direction. The impairment of the right of way as it existed at the time the improvement began, or rather the impairment of the easement of access would render the county liable for the damages resulting therefrom, since it would be a taking of the property, at least to the extent of the value of the impairment to the right of ingress and egress." 13 Tenn. App., 392, at page 401.

It is true that in dedicating land for use as a public thoroughfare the grantor is held to have foreseen the necessity of making ordinary and reasonable changes and improvements which may be due to the natural formation of the surface or to the increasing wants of the public, and damages arising from such changes are presumed to have been considered and included in the compensation allowed or received by the owner when he parted with the right of way; but extraordinary changes which are not due to the natural formation or the mode of original construction, or which are made merely because the general appearance of the street will be improved thereby, are not to be so considered. 10 R. C. L., 171-173.

"A mere removal of irregularities or improvement of the

street is not to be regarded as a change of grade for which compensation may be had. Anything more than this may constitute a change of grade." 44 C. J., 432, section 2652.

"Where the grade of a street opposite plaintiff's lot was lowered thirty-one inches at the northerly line, thirty-five inches at the center and thirty-seven inches at the south line, such change was not a mere removal of irregularities in the surface but a change in the general grade for which plaintiff was entitled to recover." See note 25 to the above text citing Hunt v. Otego, 160 App. Div., 158, 145 N. Y. S., 495.

"It cannot be said as a matter of law that a cutting down of one foot in the center of a sidewalk next to a lot is not a material change of grade from the natural surface, entitling the owner of the lot to damages." Id. citing Alton v. Columbia, 145 Mo. App., 182, 129 S. W., 980.

It appears in this case that the fill was made not because of any irregularities in the roadbed in front of plaintiffs' property but in order to make a better approach to another highway, and hence was not such a change as may have been foreseen when the right of way was taken or purchased.

There is no complaint that the verdict and judgment are excessive and none that the jury was permitted to consider improper elements of damage, the sole question being whether plaintiffs are entitled to any damage; and we are constrained to hold that there is evidence that the easement of access as it existed and was used prior to the making of said fill was "impaired" to some extent by elevating the road to the extent shown.

Affirmed.

Portrum and Ailor, JJ., concur.