STATE of Tennessee ex rel. Eddie
SHAW, Commissioner, Department
of Transportation, Petitioner,

v.

Bonnie GORMAN et al., Respondents.

Supreme Court of Tennessee.

Feb. 25, 1980.

William M. Leech, Jr., Atty. Gen., Robert J. Ames, Asst. Atty. Gen., Nashville, Roy T. Campbell, Jr., Sp. Trial Counsel, Newport, for petitioner.

J. William Myers, Newport, for respondents.

## OPINION

COOPER, Justice.

The application for permission to appeal was granted in this case to review an award of incidental damages in an inverse condemnation action.

The state filed an action to acquire a temporary easement over a part of appellee's property to be used during the construction of an improvement on U. S. Highway 25–70. No effort was made to condemn appellee's right of access to the highway. Appellee then was put to the task of seeking compensation for loss of access, if any, resulting from the highway project. In doing so, appellee made no issue of the state's right to construct the highway improvement but limited her proof to showing an impairment of her access to the highway and the resulting loss in value of her property.

It is well-settled that the right of access to and from a public highway is a property right, which may not be taken away, impaired or encumbered without payment of just compensation to the owner of the property, whether the fee to the way is in the public or abutter. 73 A.L.R.2d 656; 43 A.L.R.2d 1074–1079. *See also Hamilton County v. Rape*, 101 Tenn. 222, 47 S.W. 416 (1898); *Brookside Mills, Inc. v. Moulton*, 55 Tenn.App. 643, 404 S.W.2d 258 (1965); *Knox County v. Lemarr*, 20 Tenn.App. 258, 97 S.W.2d 659 (1936). And, as stated in *Brookside Mills, Inc. v. Moulton, supra*, 404 S.W.2d at 262,

> Where the property right taken is the right of access to an abutting street, the measure of damages is the difference in

the fair cash market value of the defendant's property prior to the taking or impairment of the access and its value after the taking and the construction of the project for which the property right was taken. *See* T.C.A. § 23–1537. The trier of fact, in determining the amount of the award, must be governed by the principle that the owner of the land shall be treated as one offering it for sale, at a fair price, while not being under any stress of circumstances that would induce him to sacrifice his property, and the condemnor as an intending buyer who is likewise free from stress, as not being forced to buy. *Lewisburg & N. R. Co. v. Hinds*, 134 Tenn. 293, 183 S.W. 985, L.R.A.1916 E, 420. The fact that the property has other access, or is given other access in the course of construction would be a material factor to be taken into consideration in determining the before and after value of defendant's property and, consequently, the value of the access taken.

The record shows that appellee's property is located at the intersection of U. S. Highway 25–70 and Jaybird Road in Cocke County, and that it fronts 160 feet along the highway. The property is zoned commercially. It is improved by a small upholstering shop and a dwelling. In widening highway 25–70, the state constructed on its right-of-way a curbing that extended 146 feet along the front of appellee's property. Prior to the construction of the curbing, appellee had access to her property "anywhere on the corner" to the beginning of the rockway in front of the dwelling. The state moved the entrance to appellee's property from the corner where the roadways intersect, and reduced the size of the entrance into appellee's property from twenty-four feet to fourteen feet.

There is evidence that the relocating of the driveway entrance and the reduction of access from twenty-four feet to fourteen feet affected even the limited commercial use of the property then being made by appellee in that deliveries to the upholstering shop were limited to trucks no larger than a pick-up and customers of the shop

had difficulty in gaining access to the premises. Two witnesses testified that the impairment of access reduced the value of appellee's commercial property $15,300.00 to $17,000.00. Witnesses for the state testified the reduction in value of appellee's property from the highway project ranged from a low of $1,550.00 to a high of $2,250.00. The jury returned a verdict in favor of appellee in the amount of $8,000.00, well within the range of damages proven.

There being material evidence to support the jury's finding both on the issue of loss of access and damages resulting therefrom, the judgments of the courts awarding appellee $8,000.00 in damages must be affirmed, and the cause be remanded to the trial court for execution of the judgment. Costs in the cause are to be paid by appellant.

BROCK, C. J., and HARBISON, J., concur.

FONES and HENRY, JJ., dissent.

FONES, Justice, dissenting.

I respectfully dissent.

In my opinion, the instructions given, erroneously informed the jury that the State had taken the property owner's right of access along the entire frontage of his property on U. S. Highway 25–70, approximately one hundred sixty feet, and that the State was required to pay for that "limitation on ingress and egress." In my view of the law as applied to the facts of this case, the jury should have been instructed that all that the State had taken was the driveway entrance that existed at the corner of the U. S. Highway and Jaybird Road, prior to the improvements, to be offset by the value of the new driveway access, moved a short distance from the original, to comply with safety regulations.

I agree that the right of access is a property right that may not be taken away, impaired, or encumbered without payment of just compensation. *Hamilton County v. Rape*, 101 Tenn. 222, 47 S.W. 416 (1898); *Speight v. Lockhart*, 524 S.W.2d 249 (Tenn. App.1975); *Brookside Mills, Inc. v. Moulton*, 55 Tenn.App. 643, 404 S.W.2d 258 (1965).

Pitted against the property owner's right of access to the public thoroughfare is the State's interest in maintaining the proper and safe use of the highways. To this end the rule in this State and in the majority of jurisdictions is that an abutting property owner is not entitled to access to his land at every point between it and the highway but only to "free and convenient access to his property and the improvements on it." *Iowa State Highway Comm'n v. Smith*, 248 Iowa 869, 82 N.W.2d 755, 759 (1957). *See Speight v. Lockhart, supra; State Highway Dept. v. Strickland*, 213 Ga. 785, 102 S.E.2d 3, 5 (1958); *Hillerege v. City of Scottsbluff*, 164 Neb. 560, 83 N.W.2d 76, 85 (1957); *Mueller v. New Jersey Highway Auth.*, 59 N.J.Super. 583, 158 A.2d 343, 349–50 (1960); *Holland v. Grant County*, 208 Or. 50, 298 P.2d 832, 834 (1956). The commissioner of highways is empowered under T.C.A. § 54–540 to make rules governing the construction of entrances into highways in Tennessee. As pointed out by the Court of Appeals in *Speight v. Lockhart, supra,* this Code provision authorizes:

"reasonable supervision and regulation of *construction* upon and within the rights-of-way of state highways, including the power to require application for permits *for such construction* and the grant of such permits on reasonable conditions.

* * * * *

It is, of course, recognized that, if he is denied a permit for driveway construction within a state right-of-way, a property owner may consider that his rights to access have been wrongfully denied. In such a case, and at that time, the property owner has access to the courts for review of the denial of permit or for compensation in inverse condemnation." (Emphasis original.) 524 S.W.2d at 256–57.

Construction of curbing along a public right-of-way is not, by itself, a taking of access for which compensation is due. The State has an easement in the public right-of-way for road and street purposes of

which the construction of curbing is a legitimate part. An abutting property owner must apply to the commissioner for a permit for access construction as outlined above. Because the property owner does not have a right to access at every point along the highway, a taking of access occurs only when the denial of a construction permit amounts to a denial of free and convenient access to the property or improvements thereon or when access is denied at a point that was used by the property owner for access prior to the construction of the curbing.

In this case the State did not seek to condemn access. All that was sought was the temporary condemnation of a portion of appellees' property for which the right to compensation is not disputed. As the result of construction of curbing, however, appellees' driveway was moved away from the corner of Highway 25–70 and Jaybird Road. Although appellees now have a similar driveway entrance a short distance from the original, moving the entrance was a taking of access. *Brookside Mills, Inc. v. Moulton, supra.* The construction of curbing along the state right-of-way was not a taking, and the chancellor erred in instructing the jury that:

"[T]oday, ladies and gentlemen, on this trial, the State is taking and condemning and paying for the curbing along this public improvement, and you must judge this property with all its potential uses, whatever they are, on September 12, 1975, . . . in light of the limitation on ingress and egress."

Later he instructed as follows:

"But the destruction of impairment of the right of ingress and egress too, to or from a landowner's property, such as by the installation of curbing, is a proper matter for compensation, to the extent of the rights thus taken. Stated yet another way, the right of access to a landowner's property is a property right which may not be taken in whole or in part, without paying just compensation for its value, and that is what this trial this afternoon as been devoted to. Do not underpay this lady, do not overpay this lady. You be absolutely fair with this lady. You give her the value of this property, if it were diminished, and you find so by a preponderance of the evidence, on September 12, 1975, you compensate her for that in a fair amount for the reduction or diminution in value by reason of the public improvement. That is the curbing shown in evidence."

These instructions were erroneous and prejudicial and accounted, at least in part, for the outrageous verdict of $8,000.

A number of photographs in this record clearly depict the "before" and "after" condition of this property. The conclusion is inescapable that the entire property has been improved by the highway construction and that the new entranceway, parking and turn-around facilities for the tiny upholstery shop beside the residence has also been improved.

The property owner's witnesses emphasized that the original driveway was twenty-four feet wide and now it is only fourteen feet wide. One of the experts testifying for the property owner said, "You can't get a big truck in now." The pictures in the record, together with common knowledge that the largest tractor-trailer rig operating in Tennessee can get in and out of a fourteen foot driveway, refute that testimony. As the State correctly points out, there is no showing in the record that the property owner sought and was refused a wider driveway. In addition, the testimony of the property owner's two witnesses that the value of the property was $17,000 and $15,300 less after the curbing was installed I find to be so incredible as to be unworthy of belief.

I would reverse and remand for a new trial. I am authorized to state that Justice HENRY joins me in this dissent.