**Harold MARTIN, Plaintiff-Appellant,**

v.

**STATE of Tennessee, DEPARTMENT OF TRANSPORTATION and Warren County, Tennessee, Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 28, 1985.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 18, 1985.

Larry B. Stanley, Stanley & Bratcher, McMinnville, for plaintiff-appellant.

William E. James, Asst. Atty. Gen., Chattanooga, for Warren County.

1. The Plaintiff's brief does not question the sum-

## OPINION

GODDARD, Judge.

In this inverse condemnation proceeding, Harold Martin, Plaintiff-Appellant, initially sued only the State of Tennessee. Thereafter, the complaint was amended to include Warren County, and still later a summary judgment was entered in favor of the State. The trial then proceeded as to Warren County and the Court, sitting without a jury, found that no property rights had been taken from the Plaintiff and that his proof of damages was speculative. He thereupon dismissed the complaint.

The Plaintiff appeals and raises two issues as follows:

### I.

THE TRIAL COURT ERRED IN RULING THAT THE LANDOWNER HAD NO CAUSE OF ACTION AGAINST THE STATE [1] AND/OR COUNTY FOR DAMAGES AS A RESULT OF DESTRUCTION TO THE LANDOWNER'S RIGHTS OF ACCESS TO THE ROADWAY

### II.

THE TRIAL COURT ERRED IN RULING THAT THE LANDOWNER'S PROOF IN RELATION TO DAMAGES WAS FLAWED

The facts are hard to decipher because witnesses indicated on aerial photographs many critical points that have not been preserved for our review. However that may be, as best we understand the facts, the Plaintiff owns two and one-half acres of land located on the south side of U.S. Highway 70S, a one-way, two-lane highway for eastbound traffic, which runs between McMinnville, located on the west, and Sparta to the east. The property is improved with a building containing approximately 25,000 square feet which houses Builders Discount, the Plaintiff's building supply business.

mary judgment in favor of the State.

Access to the property is gained by two entrances, one at a driveway which appears to be a part of the Plaintiff's property along the west edge, and the other at what appears to be a private road adjacent to the east edge of the Plaintiff's property. Prior to the construction complained of herein (see Appendix A for diagram) the McMinnville by-pass intersected U.S. 70S from the north and traffic from McMinnville or Sparta could enter and exit the Plaintiff's property from both the by-pass and U.S. 70S with relative ease by utilizing a cross-over located near the east entrance.

After construction (see Appendix B) the entrances remained unchanged but the terminus of the by-pass was moved. It was then necessary for traffic proceeding from Sparta to go to the entrance of a parking lot serving a shopping center owned by a third party to turn before it could enter the Plaintiff's property. Likewise it was necessary for traffic exiting the Plaintiff's property, which intended to travel to McMinnville to travel east before a lawful turn could be made to then travel west.

No land was acquired from the Plaintiff, but because of the relocation of the entrance of the by-pass, the cross-over mentioned formerly at the east end of his property was closed. However, a cross-over was constructed permitting traffic proceeding west on the by-pass to cross over to Highway 70S at the west end of the Plaintiff's property. Although there is no curb preventing entrance from this cross-over into the driveway at the west end, there are painted yellow lines which the proof shows indicate traffic should "stay off." We will treat these yellow lines as proscribing traffic traveling west from entering the Plaintiff's west entrance and traffic exiting this entrance from crossing the yellow lines to travel west.

The critical question raised by this appeal is whether construction wholly within the right-of-way already acquired is such an impairment of the Plaintiff's ingress and egress to amount to a taking under the authority of *Shelby County v. Barden,* 527 S.W.2d 124 (Tenn.1975); *Hamilton County v. Rape,* 101 Tenn. 222, 47 S.W. 416 (1898); *Knox County v. Lemarr, et ux.,* 20 Tenn. App. 258, 97 S.W.2d 659 (1936) and *Shelby County v. Dodson,* 13 Tenn.App. 392 (1930), or a legitimate exercise of police power under the authority of *City of Memphis v. Hood,* 208 Tenn. 319, 345 S.W.2d 887 (1961).

In *Tate v. County of Monroe,* 578 S.W.2d 642 (Tenn.App.1978) and *East Park United Methodist Church v. Washington County,* 567 S.W.2d 768 (Tenn.App.1977), the two principal cases relied upon by the Plaintiff, it appears that, as in the case at bar, no actual property was taken. A street, however, abutting the landowner's property was closed in one direction before it reached an intersecting street. The appellate courts held that under these circumstances a taking had occurred.

We believe, however, that the facts in the case at bar are more analogous to *City of Memphis v. Hood,* supra, wherein a street which had formerly been a two-way street was changed to a one-way street. In addressing the question Mr. Justice Burnett, speaking for the Court, stated the following:

Of course, the property owners fronting upon a public thoroughfare have a right to free and convenient access thereto. This right of ingress and egress attached to the land. It is a property right, as complete as ownership of the land itself. But when we come to damages claimed by reason of the change of the flow of traffic, making a street a four-lane highway or diverting the traffic one way or the other, this comes from the exercise of the police power of the governing parties and such damages as result to one are non-compensable, as they are an incidental right resulting from a lawful act.

208 Tenn. at 324, 345 S.W.2d at 889.

While we agree with the foregoing quotation where property lies within a city and the inconvenience in traveling one way to be able to turn and go the other is generally only a matter of a few hundred yards, we doubt the same reasoning would be

applicable in a country setting where it might be necessary if a road is made one way to travel several miles before being able to turn.

The problem with the case at bar, however, is that we have no proof as to the distances necessary for traffic exiting either entrance of the Plaintiff's property to travel in an easterly direction before a lawful turn may be made. In this regard the record discloses that the turn can be made "down there at the hospital," "down the road some way," "down to Cadillac Lane or the Chevrolet place." There is no proof to show whether this distance is a few hundred feet or several miles.

Because this is an inverse condemnation proceeding and the Plaintiff has the burden of proof, it was incumbent upon him to demonstrate the distance required to travel before being able to lawfully turn and proceed west was sufficiently far and the resulting inconvenience sufficiently great that the change in traffic flow might not be sustained as an exercise of police power.

In view of our disposition of the first issue, it is unnecessary that we address the second.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiff and his surety.

TODD, P.J. (M.S.), and LEWIS, J., concur.

APPENDIX A