**W.L. AMBROSE, Jr., Trustee, Plaintiff-Appellant,**

v.

**CITY OF KNOXVILLE, Defendant-Appellee,**

v.

**STATE of Tennessee, Third-Party Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Dec. 19, 1986.

Application for Permission to Appeal Denied by Supreme Court March 9, 1987.

Scott R. Fransen, of Ambrose, Wilson & Grimm, Knoxville for plaintiff-appellant.

Sharon E. Boyce, Asst. City Atty., Knoxville, for defendant-appellee City of Knoxville.

W. J. Michael Cody, Atty. Gen., Roger D. Hyman, Asst. Atty. Gen., Knoxville, for third-party defendant-appellee State.

FARMER, Judge.

This action results from the City of Knoxville authorizing the State Department of Transportation to make various right-of-way improvements from Middlebrook Pike to West Broadway.

The Knoxville City Council made the authorization by resolution on or about May 29, 1979, after adopting the State's proposal for the right-of-way improvements. After the project was completed, Dale Avenue, which is within the Middlebrook Pike area, was converted from a two-way street to a one-way street.

The plaintiff, W.L. Ambrose, holds a deed of trust to a tract of land located south of Dale Avenue and west of 17th Street. Ambrose filed this action in chancery court contending that the City's conversion of Dale Avenue destroyed his right of ingress and egress to his property. In particular, the plaintiff sought a declaratory judgment that the City's passage of the resolution and subsequent "taking" of his right of ingress and egress constituted illegal acts; a preliminary and then permanent injunction that would prevent the "continuing trespass and nuisance" of the City and would restore Dale Avenue to a two-way street; and damages.

The City moved to dismiss the complaint contending that chancery court did not have subject matter jurisdiction of the claim, that the plaintiff had failed to join an indispensable party, and that the plaintiff had failed to state a claim upon which relief could be granted. The plaintiff and the City then filed motions for summary judgment. Thereafter, the City impleaded the State into the action as a third-party defendant pursuant to T.R.C.P. 14.01. The State moved to dismiss the third-party complaint and the original complaint.

The Chancellor asserted jurisdiction over the declaratory judgment action and held that the City acted properly in converting Dale Avenue from a two-way to a one-way street. In addition, the Chancellor held that the remaining claims brought by the plaintiff sounded in inverse condemnation and dismissed them for a lack of subject matter jurisdiction.

On appeal, the plaintiff contends, in essence, that the City acted illegally in "taking" plaintiff's ingress and egress to his property pursuant to a City Council resolution; that the chancery court has subject matter jurisdiction over all of his claims; and whether plaintiff Trustee is an unknown owner within the meaning of T.C.A. § 29–16–124.

It is unnecessary for this Court to address each of the issues raised by the Appellant as each issue is based upon the premise that the City's conversion of Dale Avenue from a two-way to a one-way street constituted an illegal taking of the plaintiff's property. We hold that the changing of the traffic flow from two-way to one-way, in and of itself, does not give plaintiff an action for damages and affirm the judgment of the trial court.

This holding is in harmony with the Tennessee Supreme Court's decision in *City of Memphis v. Hood*, 208 Tenn. 319, 345 S.W.2d 887 (1961). In *Hood*, the issue was whether the jury, in determining the amount of incidental damages, could consider the fact that the flow of traffic in front of the owners' property was to be changed from two-way traffic to one-way traffic. In determining that the jury could not make this determination, the *Hood* Court stated:

> Of course, the property owners fronting upon a public thoroughfare have a right to free and convenient access thereto. This right of ingress and egress attaches to the land. It is a property right, as complete as ownership of the land itself. But when we come to damages claimed by reason of the change of the flow of traffic, making a street a four-lane highway or diverting the traffic one way or the other, this comes from the exercise of the police power of the governing parties and such damages as result to one are non-compensable, as they are an incidental right resulting from a lawful act.

345 S.W.2d at 889; *see also Tate v. County of Monroe,* 578 S.W.2d 642 (Tenn.App. 1978). Thus, the conversion of Dale Avenue to one-way traffic was a lawful act for which there can be no compensation to the plaintiff. The Appellant argues that *Hood* is distinguishable from the instant case because the property owners' right of ingress and egress in *Hood* was not disturbed by the alleged taking. While we agree with the Appellant's reading of *Hood,* we note that the plaintiff concedes that his right of ingress and egress has not been destroyed. Appellant's brief states:

> The Plaintiff's right of ingress and egress to his Dale Avenue property has been wrested from him in that it is now much more complicated and circuitous to reach the property....

It is evident that the plaintiff has a means of ingress and egress to his property, even after the conversion of Dale Avenue to one-way traffic.

Thus, we are not faced with the question left unanswered by *Hood,* i.e., whether a city's change in the flow of traffic and resulting destruction of a property owner's right of ingress and egress constitutes an unlawful act. Rather, we are confronted with the type of claim that the *Hood* Court found inconsistent with sound public policy.

> In the instant case the damages claimed are those as a result of the lawful authorities acting in changing the traffic and such damages are non-compensable to anyone, because if we allowed damages in this way to everyone who might claim that the traffic as diverted caused this and that damage to them it would completely obstruct the building of roads and highways by the public authorities. Such damages that might arise from the change in flow of traffic are so speculative for many obvious reasons that they do not cause a "special injury"....

345 S.W.2d at 890. The conversion of Dale Avenue was simply a lawful act that left the plaintiff a means of ingress and egress. Although the plaintiff's ingress and egress is more circuitous than before the conversion of Dale Avenue, we do not find that this "inconvenience" to the plaintiff constituted a compensable taking. As stated by the Supreme Court of Oregon:

> The inconvenience resulting from travelling a more circuitous route is the same kind of inconvenience the general public suffers when there is a modification of certain traffic regulations on existing streets and highways. Thus, the public is forced to travel a more circuitous route upon the adoption of no-left-turn regulations or one-way-street restrictions. Defendants are not entitled to recover compensation for a loss unless they can show that the type of loss is peculiar to those owning land as distinct from the loss suffered by the general public.

*State Highway Commission v. Central Paving Company,* 240 Or. 71, 399 P.2d 1019, 1022 (1965). *See also Cleveland Boat Service, Inc. v. City of Cleveland,* 165 Ohio St. 429, 136 N.E.2d 274 (1956).

We are not unmindful of previous decisions that have held an inconvenient ingress and egress to the property owner is not a bar to the plaintiff's claim, but rather a material factor in the court's determination of damages. *See Stokely v. Southern Railway Company,* 57 Tenn.App. 271, 418 S.W.2d 255 (1967); *Brookside Mills, Inc. v. Moulton,* 55 Tenn.App. 643, 404 S.W.2d 258 (1965); *Knox County v. Lemarr,* 20 Tenn. App. 258, 97 S.W.2d 659 (1936); *Shelby County v. Dodson,* 13 Tenn.App. 392 (1930). However, in none of the above was a court confronted with a plaintiff who claims relief for the conversion of a two-way street to a one-way street and still has a means of ingress and egress, albeit a circuitous one. In essence, the plaintiff's claim is based upon the lawful diversion of traffic. Consequently, there has not been an illegal taking of the plaintiff's right of ingress and egress to his property.

We affirm the judgment of the trial judge. Costs are taxed to the Appellant for which execution may issue if necessary.

TOMLIN, P.J., W.S., and CRAWFORD, J., concur.