Argued May 7, affirmed June 27, 1956

HOLLAND ET AL *v.* GRANT COUNTY ET AL
298 P. 2d 832

*Harold Banta* and *J. R. Campbell,* argued the cause for appellants. On the briefs were Yokom & Campbell, John Day, and Banta, Silven & Horton, Baker.

*Michael S. Mogan,* District Attorney, Canyon City, and *A. S. Grant,* Baker, argued the cause for respondents. On the brief were Michael S. Mogan, Grant & Fuchs, Baker, and Gene C. Rose, Baker.

Before WARNER, Chief Justice, and TOOZE, LUSK, BRAND and PERRY, Justices.

PERRY, J.

This is a suit to enjoin the county court of Grant county, Oregon, acting for the county, from removing a bridge across the John Day river.

The trial court denied the plaintiffs the relief sought, and from the court's decree they appeal.

The facts disclose that the bridge in question was originally erected as a part of the county road system; later the county road and bridge became a part of the state highway system. In 1955 the state of Oregon abandoned a portion of the old highway, constructed a new bridge at a different point across the river, and returned the abandoned portion of the highway to the county. The plaintiffs' land abuts the old highway, and the bridge sought to be removed by the county is

used by them as a connecting link between their parcels of land which are separated by the John Day river.

For greater clarity, a map showing the old and new highways and the plaintiffs' property is here set out.

Upon receiving from the state this portion of the road, the county court entered an order closing the approaches to the bridge, and began dismantling the bridge for the purpose of removing it to another location. It appears, by admission, that the personnel constituting the present county court does not intend to replace this structure over the river.

The contention of the plaintiffs is that the acts of the defendants constitute an abandonment of the road without compliance with the requirements of the statutes of the state for vacation of a county road.

ORS 368.205 provides that all county roads are

under the supervision of the county courts in the counties where located.

ORS 368.565 provides, in general, that the county court may vacate a county road either on the petition of freeholders residing in the district in which the road is located, or it may proceed by resolution of the county court. In the event the county court proceeds by resolution, a notice of hearing shall be given and a hearing had.

ORS 368.580 states:

"(1) On the day set for hearing the report mentioned in ORS 368.570, the county court shall consider the report, together with the petition or resolution and any objection that is made to reducing the road in width or vacating the road.

\*  \*  \*  \*  \*

"(3) If the road may be useful as a part of the general road system it shall not be vacated, but if the public will be benefited by the vacation then the county court may vacate the road or any portion thereof.

"(4) If the county court determines to reduce the width of the road or any part thereof, or to vacate the road or any part thereof, it shall declare the road to be reduced in width or vacated as the case may be and file the order with the county clerk. Thereafter the road shall be reduced in width or vacated as the case may be."

Reference to the map will disclose that this small piece of highway serves no useful purpose in the general road system, and is of no benefit to the public.

Adopting, for the purposes of this opinion, plaintiffs' theory of the abandonment of the roadway, it follows then that the county court is granted the authority to do what it is doing in closing the highway

by removing the bridge, but is proceeding in an irregular manner.

■ A private party cannot enjoin a public nuisance unless he suffers an injury to himself differing in kind from the injury suffered by the general public. *Lowell et al. v. Pendleton Auto Co.*, 123 Or 383, 261 P 415; *Bernard v. Willamette Box & Lumber Co.*, 64 Or 223, 129 P 1039.

■ Under these circumstances, an injunction will be granted by a court to prevent the irregular action of the county court at the behest of a citizen only when in addition to the irregular action taken the complainant can show irreparable injury to himself. "* * * the officers of a county or town may be restrained by injunction when they are proceeding illegally to the irreparable injury of complainant." 43 CJS 632, Injunctions, § 110.

■ The plaintiffs, being abutting land owners along the highway, have two distinct kinds of rights in that highway, i.e., the one which they enjoy as members of the public, and their private rights which arise by reason of their ownership of the real property abutting thereon. *Lowell et al. v. Pendleton Auto Co.*, supra.

■ The right to travel along the highway and over the bridge is not a separate individual right of the plaintiffs, but is simply one enjoyed in common with the public.

■■ Separate and distinct from the public use and their usual rights and remedies as owners of a freehold, the plaintiffs have an easement of access and the right to light and air. In rural areas an easement of access implies a reasonable right of ingress and egress from and to the highway from the property, and not at all points along the highway. *Sweet et al. v. Irrigation Canal Co.*, 198 Or 166, 254 P2d 700, 256 P2d 252. The

plaintiffs have the same means of ingress and egress from the highway to their property as they have always enjoyed; they are simply required to travel a little further to reach these points.

The plaintiffs rely upon the case of *Adney v. State Road Commission of Utah,* 67 Utah 567, 572, 248 P 811, 812. Under the facts therein set out, the court said:

"* * * Under the circumstances, we think the removal of the bridge will cause the individual plaintiffs such a special damage as is different in kind and not merely in degree from that which will be suffered by the general public, and, hence, such individual plaintiffs had the right to maintain the action. 13 R. C. L. 75; 29 C. J. 626; 2 Elliott, Roads and Streets (3d Ed.) § 854.''

The circumstances in that case consisted of the establishment of an entirely new road and bridge at a considerable distance from the road and bridge to be abandoned. Such is not a fact here for the plaintiffs are required to travel only approximately 3000 feet to circumvent the inconvenience created by the removal of the bridge. This in itself does not create a special damage to the plaintiffs.

The decree of the trial court dismissing plaintiffs' complaint is affirmed.