## OPINION

KNOX COUNTY ex rel. James A. McBEE, Commissioner of Highways, Plaintiff-Appellee,

v.

Divola G. BARGER and wife Annie C. Barger, Defendants-Appellants.

Court of Appeals of Tennessee, Eastern Section.

Dec. 29, 1976.

Certiorari Denied by Supreme Court March 28, 1977.

Richard Stair, Sr., Knoxville, for appellants.

Ted H. Lowe, Paul E. Dunn, Knoxville, for appellee.

GODDARD, Judge.

In this condemnation proceeding Knox County, Plaintiff-Appellee, purporting to proceed under the provisions of Chapter 216 of the Public Acts of 1959, seeks to acquire certain rights in property owned by the Defendants in connection with the construction of John Sevier Highway. Plaintiff deposited the sum of $3,000 as the reasonable value of the interest condemned. From a judgment on a jury verdict that defendants suffered no damages, Annie C. Barger, who acquired the entire interest in the property as surviving tenant by the entirety upon the death of her husband, prosecutes this appeal. By her assignments of error she insists the Court erred in (1) charging the jury, (2) failing to direct a verdict at the conclusion of all the evidence in favor of the Defendants, (3) admitting testimony, and (4) failing to grant a new trial because the evidence preponderates against the verdict of the jury.

The material facts are practically undisputed. The property in question contains 1.67 acre and is bounded on the east by Chapman Highway, the north by Abner Cruze Road and the south and west by other property owners. John Sevier Highway, which is a new connector road, bridged Chapman Highway some 450 feet to the south of the Defendants' property. The construction of the new road resulted in (1) Abner Cruze Road being closed, (2) a fence being erected along the north boundary of Defendants' property, and (3) a curb—some 12 inches in height—being constructed within the right-of-way of Chapman Highway for the purpose of channeling traffic proceeding south on Chapman Highway after exiting the access road. With the exception of a 46-foot driveway to the south end of Defendants' property, the curb extended across its entire 280-foot frontage.

Defendants' property is improved with a business house which faces Chapman Highway and is located toward the north end of the property. The building, operated as a

tavern and restaurant, is approximately four feet from the west right-of-way line of Chapman Highway and the curb in question—for the most part—21 feet within the right-of-way. A diagram of the situation is shown in appendix hereto attached.

No land was actually taken from the Defendants, but it is their insistence that the erection of the fence, as well as the construction of the curb amounted to a taking which would entitle them to compensation.

Their principal objection is to the following portions of the charge to the jury:

The rights of abutting owners are subordinate to the right of the public to proper use of the highways. Thus the exercise of the right to abutting owners is subject to reasonable regulation and restriction for the purpose of providing reasonable, safe passage for the public, but regulations or limitations cannot be sustained which unduly delimit or unreasonably intermeddle with the rights of the abutting owners. The mere disturbance of the rights of the abutting owners by imposition of new uses on the highway consistent with highway purposes must be tolerated. While entire access may not be cut off, an owner is not entitled, as against the public, to access to his land at all points in the boundaries between it and the highway.

If he has free and convenient access to his property and to the improvements thereon, and his means of ingress and egress are not substantially interfered with by the public, he has no cause to complain and would not be entitled to any damages.

.      .      .      .      .

Take the case, elect a foreman, and render a fair and just verdict and when you have reached your verdict you notify the court officer and the court will be available for your report.

You will need to find one figure. You need to find, first of all, if there was an interference when this highway was constructed with the curbs and fence; find first of all if there was. Of course, if you find that there wasn't, that would be the end of the lawsuit. If you find that there

was, was it a reasonable thing for this county to fix this particular curb and fence. And if the county was operating within reason in doing it, then of course there would be no damages on behalf of the property owner.

■ It has long been the settled law of this state that access to a public road is a property right and cannot be extinguished or impaired without payment of compensation. *Hamilton County v. Rape,* 101 Tenn. 222, 47 S.W. 416 (1898); *Knox County v. Lemarr,* 20 Tenn.App. 258, 97 S.W.2d 659 (1936); *Shelby County v. Dodson,* 13 Tenn. App. 392 (1930).

As recently as September 1975, in *Shelby County v. Barden,* 527 S.W.2d 124, 127 (Tenn.S.Ct.), Mr. Justice Harbison, speaking for a unanimous Court, reaffirmed the rule:

Actions by landowners for deprivation or impairment of their rights of ingress and egress on public roads have been long recognized in this state, and there are a large number of reported cases dealing with the subject. Such suits have generally been recognized as inverse condemnation actions; and the theory upon which the actions have been permitted has been that of deprivation or public taking of a property right of a landowner.

Given this premise, it necessarily follows that under Article I, Section 21 of our Constitution a condemning authority cannot appropriate the right of access in whole or in part without paying just compensation.

Defendants also insist that these proceedings should have been instituted under the authority of Chapter 20, Title 54, T.C.A. relative to controlled access facilities rather than the provisions of Chapter 216 of the Public Acts of 1959. We do not think this objection is particularly significant because Chapter 216, Section 10 of the Public Acts of 1959, codified as T.C.A. 23–1537, speaks of "property and *property rights,*" and further provides that their value will not be diminished by incidental benefits.

Plaintiff insists that insofar as the curb is concerned it is not a taking, but rather a proper application of police power, and in

the alternative that it is authorized under T.C.A. 54–540, which provides:

Entrances into highways—Regulations. —In order to prevent the obstruction or restriction of the flow of water along, across or under any highway on the state highway system, the impounding of water upon or within any such highway, the damaging in any way or manner of any such highway, or the interference with or creation of any damage or hazard to public travel, the commissioner of highways of the state of Tennessee is hereby authorized and directed to make reasonable and proper rules and regulations governing the construction of entrances into highways in the state of Tennessee on the state highway system.

As to its first insistence, Plaintiff relies on *City of Memphis v. Hood*, 208 Tenn. 319, 324, 345 S.W.2d 887, 889 (1961), wherein the traffic pattern was changed to make a street one-way when it formerly had been two-way. *Hood* however is not supportive of Plaintiff's position, but rather that of the Defendants:

. . . This right of ingress and egress attaches to the land. It is a property right, as complete as ownership of the land itself. But when we come to damages claimed by reason of the change of the flow of traffic, making a street a four-lane highway or diverting the traffic one way or the other, this comes from the exercise of the police power of the governing parties and such damages as result to one are noncompensable, as they are an incidental right resulting from a lawful act.

With regard to their second proposition this Court in *Speight v. Lockhart*, 524 S.W.2d 249, 256 (Tenn.App.1975), construed T.C.A. 54–540 to regulate construction by landowners within the right-of-way for the purpose of acquiring physical access to a roadway and not to authorize the Commissioner to limit access:

A study of §§ 54–540—542, T.C.A., discloses that the purpose and intent of said statutes is to afford regulation of *construction* within the rights-of-way of state highways and *not* to authorize regulation or restriction of the *rights of access* of abutting property owners. Note that each of said code sections includes the word "construct" or "construction" and does not specify the *exercise* of the right of access as being subject to regulation.

Accordingly, this Court holds that the statutes validly confer upon the Commissioner of Highways the power to exercise reasonable supervision and regulation of *construction* upon and within the rights-of-way of state highways, including the power to require application for permits *for such construction* and the grant of such permits on reasonable conditions.

Said statutes are *not* construed by this Court to empower the Commissioner of Highways to prescribe or supervise modifications or construction upon private property outside the public right-of-way, nor to impose any conditions upon the right to make application for permission to perform any desired construction on the right-of-way, nor to deny rightful access to the right-of-way. To the extent that the present or any future regulations attempt to do so, they exceed the power conferred, and are or would be invalid.

In summary, we hold that the right of access is a property right which may not be appropriated in whole or in part without paying just compensation for its value. In this connection we do not say, nor do we mean to be understood to say, that any diminution of access requires compensation, but do agree with Judge Shriver, who addressed this question in *Pack v. Belcher*, 62 Tenn.App. 23, 34, 458 S.W.2d 18, 23 (1969):

In *Shelby County v. Dodson, et al.*, 13 Tenn.App. 392, it was said that the right of ingress and egress may be valuable or not, and may be of more or less value according to the property; that in the country when a grade is changed through a man's farm, the right of ingress and egress might, at any particular point, be of little or no value, and that the abutting owner would, thus, be entitled to little or no damages, whereas, in other situations such right might be of considerable value, and that "the destruction

or impairment of such right is a proper matter for compensation to the extent of the value of the right thus taken away."

In view of the foregoing it is only necessary to address one additional assignment of error. Defendants object to the Trial Court's admitting evidence from the County's appraisers regarding the policy of the Commissioner of Highways under T.C.A. 54–540 when application is made by a landowner for access. We agree that the evidence was improperly admitted as being speculative because the rules applicable today could be changed tomorrow.

For the foregoing reasons assignments of error numbers one and four are sustained, the Trial Court reversed and the cause remanded for a new trial. The costs of appeal are taxed to the County.

SANDERS, J., and ROSS W. DYER, Special Judge, concur.

APPENDIX